OPINION
{¶ 1} On November 6, 2002, the Muskingum County Grand Jury indicted appellant, Isaac Thomas, on one count of trafficking in crack cocaine in violation of R.C. 2925.03. Said charge arose from an incident wherein appellant sold crack cocaine to Michael Willison.
 {¶ 2} A jury trial commenced on February 11, 2003. The jury found appellant guilty as charged. By judgment entry filed March 19, 2003, the trial court sentenced appellant to eleven months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court committed prejudicial error by admitting into evidence the out of court statements of co-defendant, Michael Willison."
 I {¶ 5} Appellant claims the trial court erred in permitting Zanesville Police Detective Mark Lenhart to testify to statements made by the co-defendant, Michael Willison.
 {¶ 6} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We note harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 7} The complained of testimony by Detective Lenhart was as follows:
 {¶ 8} "Mr. Willison advised me during the taped sworn statement that he paid $40 for the crack cocaine that he purchased." T. at 195.
 {¶ 9} The state presented this testimony under the authority of Evid.R. 803(1) and (5) and Evid.R. 804(B)(3) which state as follows, respectively:
 {¶ 10} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 11} "(1) Present sense impression
 {¶ 12} "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness.
 {¶ 13} "(5) Recorded recollection
 {¶ 14} "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.
 {¶ 15} "(B) Hearsay exceptions
 {¶ 16} "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 {¶ 17} "(3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."
 {¶ 18} The state argues it met its burden because Mr. Willison, via an affidavit filed January 28, 2003, recanted his version of the incident, stating appellant was not the individual who had sold him the crack cocaine.
 {¶ 19} We note the complained of testimony does not identify who Mr. Willison purchased the crack cocaine from; it merely states how much he paid.
 {¶ 20} On the evening in question, Detective Lenhart was part of a surveillance narcotics team set up to observe the Onyx Bar. T. at 184. Detective Lenhart observed through binoculars a white vehicle pull into the parking lot across from the bar. T. at 187-188. Mr. Willison was the passenger in the vehicle. T. at 188. Detective Lenhart observed Mr. Willison hand money to a black male. T. at 192-193, 210, 212. The exchange of money was for a small item. T. at 192-193. Detective Lenhart then called for officers to stop the vehicle. T. at 193. The vehicle was stopped by Zanesville Police Sergeant Tony Coury and Patrolman Michael Post not more than twenty feet from where it had been parked. Id. Detective Lenhart had Mr. Willison and the white vehicle under constant surveillance from the exchange until the stop. T. at 193-194. Upon investigation, crack cocaine was found next to the passenger's seat. T. at 152. Prior to the stop, Mr. Willison was seen putting something between his legs. T. at 143.
 {¶ 21} The unavailability of Mr. Willison was not established in the record. However, given the non-incriminating nature of the testimony and the direct evidence given by Detective Lenhart and Sergeant Coury, we find such to be harmless error. We base this conclusion on the direct testimony of Detective Lenhart as to his witnessing of the transaction, and the fact that Mr. Willison's statement to Detective Lenhart did not specifically identify who sold the crack cocaine to him. Further, the trial court did attempt to caution the jury on the use of this testimony. T. at 195.
 {¶ 22} Upon review, we find no error by the trial court in permitting the complained of testimony.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.